PETER C. ANDERSON
UNITED STATES TRUSTEE
GREGORY S. POWELL, SBN 182199
ASSISTANT UNITED STATES TRUSTEE
PHILLIP J. SHINE, SBN CA 318840
TRIAL ATTORNEY
**U.S. DEPARTMENT OF JUSTICE**
Office of the United States Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Email: phillip.shine@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re

PACIFIC CAPITAL FUNDING GROUP,
INC.,

               Debtor.

)
)
)
)
)
)
)
)
)
)

Case No. 26-30538 WJL

Chapter 11

Date:  June 26, 2026
Time:  8:30 a.m.
Place: Via Zoom or in person at 1300 Clay
Street, Courtroom 220,
Oakland, CA 94612

**UNITED STATES TRUSTEE'S OPPOSITION TO**
**REQUEST FOR A REDACTED CREDITOR MATRIX**

      Peter C. Anderson, United States Trustee for Region 17 ("**U.S. Trustee**"), by and through

the undersigned counsel, hereby files this *Opposition to Request for a Redacted Creditor Matrix*

(the "**Opposition**") in response to the *Emergency Motion of Debtors for Authorization to File a*

*Redacted Mailing Matrix to Redact Certain Personal Identification Information for Individual*

*Creditors* (the "**Motion**") (Dkt. No. 11) filed by the debtors Pacific Capital Funding Group, Inc.,

et al.[1] ("**Debtors**"), and requests that the Motion be denied.

---

[1] The other debtors are Pacific Private Money, Inc., Private Money Management Group LLC,
Pacific Southwest Note Fund LLC, Pacific Private Money Partners LLC, Pacific Private Money
Group LLC, Pacific Private Money Fund I LLC, Pacific Opportunity Fund LLC, Pacific Note

1

Case: 26-30538   Doc# 16   Filed: 06/25/26   Entered: 06/25/26 13:02:46   Page 1 of 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The Motion should be denied for two reasons. [2] First, the risk of harm here is too speculative to meet the requirements of Section 107(c)(1). Second, requiring the U.S. Trustee to execute a confidentiality agreement before viewing a creditor matrix is contrary to Section 107(c)(3) and makes no sense where the potential harm is from filing personally identifiable information ("**PII**") on a public docket.

The U.S. Trustee reserves all rights with respect to the Motion, including the right to seek continuance of the hearing.

## II.     FACTUAL BACKGROUND

1. Debtors are 13 affiliate entities, each of which filed voluntary petitions under chapter 11 on June 16, 2026. *See* Dkt Nos. 1 and 9. They operated an investment fund centering around hard-money mortgage loans. Dkt. No. 9, ¶ 7. Debtors' funds had approximately 400 investors holding approximately 475 accounts, with total invested capital of approximately $140 million. *Id*., ¶ 14.

2. Debtors are alleged to have had liquidity challenges for years, which reached a breaking point in late 2025. *Id*., ¶¶ 30-31. Following the cessation of distributions, Debtors' operations began to be scrutinized by investors and government agencies. *Id*., ¶¶ 42-44. Investigations are still pending, but several civil actions were commenced against Debtors and their California financial lending license was suspended. *Id*.

3. Debtors filed this Motion on June 22, 2026, requesting authority to redact the names and addresses of investors from their creditor matrix. Dkt. No. 11.

//

//

---

Fund Management Group LLC, Pacific Freedom Fund LLC, Pacific Mortgage Capital LLC, Arrival Home Loans LLC, and Arrival Fund I LLC.

[2] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* All references to "Rule" are to the Federal Rules of Bankruptcy Procedure.

2

Case: 26-30538    Doc# 16    Filed: 06/25/26    Entered: 06/25/26 13:02:46    Page 2 of 5

## III.    **AUTHORITIES & DISCUSSION**

4.     Section 107 governs "public access to papers," and "displaces the common law right of access in the bankruptcy court context." [3] *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon),* 661 F.3d 417, 430 (9th Cir. 2011) ("…§ 107 covers all papers filed in a bankruptcy case."). Generally, "a paper filed in a [bankruptcy] case . . . and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). However, Section 107(b) provides a mandatory exception and Section 107(c) a discretionary exception to public access. 2 Collier on Bankruptcy P. 107.01 (16th 2023). Those exceptions are construed narrowly, and the burden of proof is on the movant to show they apply. *In re Khan*, 2013 WL 6645436, at *3 (B.A.P. 9th Cir., Dec. 17, 2013) (citing *Ferm v. U.S. Tr. (In re Crawford)*, 194 F.3d 954, 960 at n.8. (9th Cir.1999)); *In re Continental Airlines*, 150 B.R. 334, 340 (D. Del. 1993).

5.     Section 107(c)(1) allows a bankruptcy court to "protect an individual" with respect to "[a]ny means of identification … contained in a paper filed, or to be filed, in a [bankruptcy] case" if "the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The assessment of risk is forward looking and requires that a specific potential harm be identified. *In re Endo International plc*, 2022 WL 16640880, at *8 (Bankr. S.D.N.Y., Nov. 2, 2022, No. 22-22549) (citing *In re Motion Seeking Access to 2019 Statements*, 585 B.R. 733, 751 (D. Del. 2018) (citations omitted), *aff'd sub nom. In re A C & S Inc*, 775 F. App'x 78 (3d Cir. 2019)); *In re Motors Liquidation Company*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016 (citing *In re Dreier LLP*, 485 B.R. 821, 823 (finding that "conclusory statements in [a

---

[3] "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978). The common law test requires "compelling reasons" to seal most judicial records. *Oliner v. Kontrabecki,* 745 F.3d 1024, 1025 (9th Cir. 2014); *see also In re Motions Seeking Access to 2019 Statements,* 585 B.R. 733, 747 (*citing* H.R. Rep. 109-31(I), Pub. L. 109-8 (Apr. 8, 2005), 2005 U.S. Code Cong. & Admin. News 88) ("Under current law, nearly every item of information filed in a bankruptcy case is made available to the public.").

Case: 26-30538    Doc# 16    Filed: 06/25/26    Entered: 06/25/26 13:02:46    Page 3 of 5

declaration] are not probative"). Furthermore, there should be a causal link between public access and the potential injury. *See In re Creighton*, 490 B.R. 240, 245-246 (Bankr. N.D. Ohio 2013) ("Even if this Court were to take the action … such information would still be available in other parts of the public domain."); *In re Food Management Group, LLC,* 359 B.R. 543, 565 (Bankr. S.D.N.Y. 2007) ("The Court lacks the authority to seal information derived from public documents."); *In re Continental Airlines,* 150 B.R. at 339 (finding that no one is protected by the sealing of factual information already of public record).

6.      Here, the risk identified is "exploitation and identity theft," which Debtors argue is possible because "many [investors] are elderly" and "may have been the victims of fraudulent practices" and "are at heightened risk of being targeted." Dkt. No. 11 at 4-5. But this basis is speculative. It is unclear if fraud occurred but even if it did there are too few facts to show that these investors are susceptible to more fraud or likely to be targeted if their names and addresses are made public. *See* Dkt. No. 9, ¶¶ 42-44. The proposed redactions are also overbroad because not all of the investors are elderly and because some investors have already filed state court litigation against Debtors without concealing their identity. Therefore, Debtors have not demonstrated cause to redact the names and addresses of investors on their creditor lists. *See* 11 U.S.C. § 107(c)(1); *In re Food Management Group, LLC,* 359 B.R. at 565.

7.      Assuming arguendo that Debtors met the requirements of Section 107(c)(1), the Bankruptcy Code further provides that the U.S. Trustee "shall have full access to all information contained in any paper filed or submitted, in a [bankruptcy] case," subject only to the requirement that the U.S. Trustee "shall not disclose information specifically protected by the court." 11 U.S.C. § 107(c)(3). It follows that the request that the U.S. Trustee be required to execute a confidentiality agreement before viewing a creditor matrix is impermissible and should be denied. [4] Even without the restrictions placed by Section 107(c)(3)(B), the risk of harm posed

---

[4] This request for relief is also questionable because Section 107 generally applies to papers "filed in a case," not documents or information provided to parties directly. And Debtors do not argue that there is a risk of injury if parties have direct and unrestricted access to the names and addresses of investors.

4

by allowing the U.S. Trustee access to PII is low because of federal regulations. *See NASA v. Nelson*, 562 U.S. 134, 142 (2011) (citing *Whalen v. Roe*, 429 U.S. 589, 605 (1977); *Nixon v. Administrator of General Services*, 433 U.S. 425, 457-458 (1977)).

8. Based on the foregoing, the Motion should be denied.

## IV. <u>CONCLUSION</u>

WHEREFORE, the U.S. Trustee respectfully requests that the Court: (i) deny the Motion, and (ii) grant such other relief as the Court deems warranted under the circumstances.

Dated: June 25, 2026

Peter C. Anderson
UNITED STATES TRUSTEE

By: /s/ *Phillip J. Shine*
Phillip J. Shine
Trial Attorney for United States Trustee

5

Case: 26-30538    Doc# 16    Filed: 06/25/26    Entered: 06/25/26 13:02:46    Page 5 of 5