JEFFER MANGELS & MITCHELL LLP
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jeffer.com*
CHRISTOPHER K. WHANG (Bar No. 316916)
*cwhang@jeffer.com*
MELODY MOHAMMADI (Bar No. 351274)
*mmohammadi@jeffer.com*
333 Bush Street, 11th Floor
San Francisco, California 94104-2872
Telephone: (415) 398-8080
Facsimile: (415) 398-5584
Proposed Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Pacific Capital Funding Group Inc.,<br><br>     Debtor. | Case No. 26-30538-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money Group LLC<br><br>     Debtor. | Case No. 26-30535-WJL<br><br>Chapter 11 |
| In re:<br><br>Private Money Management Group LLC<br><br>     Debtor. | Case No. 26-30544-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Mortgage Capital, LLC<br><br>     Debtor. | Case No. 26-30539-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Note Fund Management Group LLC<br><br>     Debtor. | Case No. 26-30540-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money, Inc.<br><br>     Debtor. | Case No. 26-30533-WJL<br><br>Chapter 11 |

1

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE
EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS

| | |
|---|---|
| In re:<br><br>Pacific Private Money Partners LLC<br><br>Debtor. | Case No. 26-30536-WJL<br><br>Chapter 11 |
| In re:<br><br>Arrival Home Loans LLC<br><br>Debtor. | Case No. 26-30543-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money Fund 1 LLC<br><br>Debtor. | Case No. 26-30534-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Southwest Note Fund LLC<br><br>Debtor. | Case No. 26-30541-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Freedom Fund LLC<br><br>Debtor. | Case No. 26-30532-WJL<br><br>Chapter 11 |
| In re:<br><br>Pacific Opportunity Fund LLC<br><br>Debtor. | Case No. 26-30537-WJL<br><br>Chapter 11 |
| In re:<br><br>Arrival Fund I, LLC<br><br>Debtor. | Case No. 26-30542-WJL<br><br>Chapter 11<br><br>**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JEFFER MANGELS & MITCHELL LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS**<br><br>No hearing required. |

Case: 26-30536   Doc# 17   Filed: 06/26/26   Entered: 06/26/26 10:40:17   Page 2 of 8

APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS

Pacific Capital Funding Group, Inc., Pacific Private Money, Inc., Private Money Management Group LLC, Pacific Southwest Note Fund LLC, Pacific Private Money Partners LLC, Pacific Private Money Group LLC, Pacific Private Money Fund LLC, Pacific Opportunity Fund LLC, Pacific Note Fund Management Group LLC, Pacific Freedom Fund LLC, Pacific Mortgage Capital LLC, Arrival Home Loans, LLC, and Arrival Fund I, LLC, the debtors and debtors-in-possession (collectively the "**Debtors**"), submit their application (the "**Application**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors' employment of Jeffer Mangels & Mitchell LLP ("**JMM**"), as general bankruptcy counsel to the Debtors, effective June 16, 2026 (the "**Petition Date**"), on the terms and conditions described in this Application. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**APPLICATION**

In support of the Application, the Debtors respectfully represent as follows:

**BACKGROUND**

The Debtors were engaged in the business of originating and servicing "hard money" mortgage loans. The Debtors raised capital from private investors and lent those funds to developers and other parties with those loans secured by liens against real estate. Declaration of William R. Brinkman.

The Debtors operated through an "opco/fundco" structure, with Pacific Private Money, Inc. ("**PPMI**") serving as the licensed operating entity that originated and serviced mortgage loans. The Debtors raised capital through a series of open-ended investment funds, with approximately 500 individual investors holding roughly 450 accounts, and total invested capital of approximately $140 million. PPMI originated mortgage loans using capital from the fundcos, private individual "Trustee Investors," and debt facilities.

A significant portion of the fundcos' loan portfolios became non-performing due to defaults by several major borrowers, including approximately $10 million in loans to a borrower who died leaving only undeveloped land as collateral, over $20 million in non-performing loans from another

3

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS

borrower, and approximately $10 million from a third borrower. The portfolio of available loans to foreclose on dwindled over time, and a number of remaining loans became unsecured because the underlying property was lost to senior lienholders. Compounding these issues, a sharp rise in market interest rates caused the secondary market for the Debtors' mortgage loans to contract, eliminating a key source of liquidity.

By 2023, redemption requests across the Funds exceeded available cash, and in 2025, the Debtors' cash position became extremely stressed, leading to staff reductions, salary cuts, and elimination of discretionary expenses. In late 2025, the Debtors ceased making distributions and redemptions, and engaged Chief Restructuring Officer Bill Brinkman to evaluate strategic alternatives, which ultimately led to Chapter 11.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## SCOPE OF EMPLOYMENT

The Debtors require general bankruptcy counsel to represent them in this case as a debtors-in-possession and to render the following illustrative types of professional services, including, but not limited to:

a.      To advise the Debtors regarding their rights and responsibilities as a chapter 11 debtor and debtor in possession, specifically including the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the Region 17 United States Trustee Guidelines ("**UST Guides**"), and how the application of such provisions relate to the administration of the Debtors' estate;

b.      To advise and to assist the Debtors in connection with the preparation of certain documents to be filed with the Bankruptcy Court and the Office of the United States Trustee ("**UST**"), including, without limitation, Schedules of Assets and Liabilities, Statement of Financial Affairs, Statement of Equity Security Holders, Monthly Operating Reports, and other such documents;

c. To represent the Debtors with respect to bankruptcy issues in the context of this pending chapter 11 case, and any adversary proceeding, the outcome of which would affect the administration of the chapter 11 case; and

d. To advise, to assist and to represent the Debtors in the negotiation, formulation and confirmation of a plan of reorganization or other proceedings necessary and appropriate to the Debtors' chapter 11 estate and the satisfaction of the rights, claims and demands of creditors and other parties in interest herein.

Through this Application, the Debtors seek Court authority to employ JMM as the Debtors' bankruptcy and reorganization counsel to render the services hereinabove described and such other necessary and appropriate services, as may be required to properly represent the Debtors and the chapter 11 estate of the Debtors, at the expense of the estate, effective as of the commencement of the Debtors' Chapter 11 case.

## QUALIFICATIONS OF JMM AND COMPENSATION PROCEDURE

JMM is composed of attorneys who specialize in the practice of insolvency, reorganization, and bankruptcy law, as well as, among other things, corporate, litigation, real property, hospitality, land use, and labor law. JMM is well qualified to represent the Debtors, and is known throughout the State of California, and across the United States. All attorneys comprising or associated with JMM who will render services in this case are duly admitted to practice law in the Courts of the State of California. JMM's bankruptcy attorneys are admitted in all Federal judicial districts in California, and are routinely admitted *pro hac vice* in bankruptcy cases throughout the United States. A summary of the experience and qualifications of JMM attorneys who will likely render services to the Debtors during the pendency of the bankruptcy case is attached as **Exhibit A** to the supporting Declaration of Bennett G. Young ("**Young Declaration**") appended hereto. More information on JMM is available at its website, www.jeffer.com.

All JMM attorneys who will render services to the Debtors and the estate are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the UST Guides and shall comply with them. JMM understands the provisions of 11 U.S.C. §§ 327, 328, 329, 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, which require, among

5

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS

other things, Court approval of employment of professionals, and Court authorization of any fees and costs that JMM will receive from the Debtors, after notice and hearing, in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

The Debtors will employ JMM as counsel on an hourly rate basis. JMM's fees are computed and billed on a time-expended basis in accordance with the hourly rates assigned to each professional or paraprofessional. The hourly rates of the members of JMM who are expected to render services on behalf of the Debtors during this bankruptcy case are included in paragraph 3 of the Young Declaration.

Certain services may be rendered by other JMM professionals in other specialty groups, whose hourly rates may be different from the rates of the bankruptcy professionals, but whose rates do not exceed the rates of the bankruptcy group. All JMM rates are subject to periodic adjustment and the applicable rates are those in effect at the time the services are rendered.

On or about May 25, 2026, JMM was retained by all Debtors to file this Chapter 11 case. A true and complete copy of the engagement agreements between the Debtors and JMM is attached to the Declaration of Bennett G. Young as **Exhibit B**. The engagement agreements are JMM's standard form engagement agreement. JMM understands and agrees that: (a) notwithstanding paragraph 5 of the engagement agreement, any lien on the Retainer will only be allowed consistent with applicable bankruptcy law, (b) notwithstanding paragraph 6 of the engagement agreement, interest may not be charged on past due balances inconsistent with applicable bankruptcy law, and (c) notwithstanding paragraph 11 of the engagement agreement, JMM acknowledges and understands that if any dispute arises between the Debtors and JMM in the context of JMM's representation of the Debtors in the bankruptcy case, such dispute(s) shall be heard by and otherwise resolved by the Bankruptcy Court and that the parties may or may not be entitled to a jury trial as determined by applicable law.

JMM was initially retained to advise the Debtors regarding certain contingency planning. JMM was paid an initial retainer of $100,000, on or about January 23, 2026 . On May 15, 2025, the Debtors paid another retainer of $3,045, on May 26, 2026, they paid another $120,000 retainer, on June 9, 2026, they paid another $25,000, and on June 15, 2026, they paid another $25,000 retainer (collectively, the "**Retainer**"). To this date, JMM has applied $258,188.10 of the Retainer to the

6

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS

fees and costs incurred by JMM in the course of its pre-petition work on restructuring options and the Chapter 11 filing, and as of the Petition Date there was $14,856.90 remaining in the Retainer. The source of the Retainer was the Debtors' funds. JMM and the Debtors agreed that the Retainer would be applicable to services rendered and expenses incurred by JMM on behalf of the Debtors in the bankruptcy case.

JMM requests court approval to draw down the Retainer (and any additional funds paid pursuant to any subsequent Court order) on a monthly basis as they are earned for fees and costs benefiting the estate until the Retainer is exhausted. Not being allowed to draw down the Retainer on a monthly basis will place an undue hardship on JMM, as it likely will be rendering substantial services and incurring substantial costs without payment of reimbursement thereof. JMM is a well-known and established law firm in California and has practiced in this Court and in the Northern District of California for many years. JMM can and will respond to any reassessment of fees and expenses paid from the Retainer. All funds drawn against the Retainer are subject to review and final approval of the Court.

Other than as set forth above, no compensation will be paid by the Debtors to JMM, except upon application to and approval by the Bankruptcy Court, after notice and a hearing.

Not more frequently than every 120 days, JMM will file a full and complete fee application with the Court, on notice to creditors and interested parties, seeking formal allowance of its fees and costs.

JMM has agreed to accept compensation from the estate for its services such additional sums as may be allowed by this Court, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.

JMM does not hold any pre-petition claims against the Debtors or the estate of the Debtors and, as such, is not a creditor of the Debtors.

### JMM IS DISINTERESTED

To the best of the Debtors' knowledge, and as set forth in the Young Declaration, the Debtors believe that JMM is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. As discussed in the Young Declaration, JMM does not hold or represent any

7

Case: 26-30536    Doc# 17    Filed: 06/26/26    Entered: 06/26/26 19:40:17    Page 7 of 8

interest adverse to the Debtors, its creditors or the estate except that one of the Debtor's unsecured creditors is Wells Fargo Bank. According to the Debtors' records, an affiliate of Wells Fargo is the lessor of a photocopy machine to the Debtors and another affiliate is the issuer of credit cards to the Debtors. JMM represents Wells Fargo in matters wholly unrelated to the Debtors and has not and does not represent Wells Fargo in connection with the Debtors. JMM submits that does not hold or represent any interest adverse to the Debtor, its creditors or the estate which would prohibit JMBM from serving as the Debtors' counsel pursuant to 11 U.S.C. Section 327(a). Based upon the foregoing, the Debtors believe that the employment of JMM as their general bankruptcy counsel is in the best interest of the Debtors, their estate, and parties in interest.

## **NOTICE**

Notice of this Application is being provided to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the California Department of Financial Protection and Innovation; and (iv) all parties on the Debtors' consolidated list of 30 largest unsecured creditors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR APPLICATION**

No previous application for the relief requested herein has been made to this Court or any other court.

**WHEREFORE,** the Debtors respectfully request authorization to employ JMM as their special counsel pursuant to 11 U.S.C. section 327(a) on the terms and conditions set forth in this Application, with compensation to be at the expense of the estate in such amount as the Court may hereafter allow, effective as of June 16, 2026.

DATED: June 26, 2026                    JEFFER MANGELS & MITCHELL LLP

By:     _/s/ Bennett G. Young_
                    BENNETT G. YOUNG
                    CHRISTOPHER K. WHANG
                    MELODY MOHAMMADI
                    Proposed Attorneys for Debtors and Debtors-in-Possession

8

Case: 26-30536   Doc# 17   Filed: 06/26/26   Entered: 06/26/26 10:40:17   Page 8 of 8

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JMM LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS