JEFFER MANGELS & MITCHELL LLP
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jeffer.com*
CHRISTOPHER K. WHANG (Bar No. 316916)
*cwhang@jeffer.com*
MELODY MOHAMMADI (Bar No. 351274)
*mmohammadi@jeffer.com*
333 Bush Street, 11th Floor
San Francisco, California 94104-2872
Telephone: (415) 398-8080
Facsimile: (415) 398-5584
Proposed Attorneys for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>Pacific Capital Funding Group Inc.,<br><br>Debtor. | Case No. 26-30538<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money Group LLC<br><br>Debtor. | Case No. 26-30535<br><br>Chapter 11 |
| In re:<br><br>Private Money Management Group LLC<br><br>Debtor. | Case No. 26-30544<br><br>Chapter 11 |
| In re:<br><br>Private Mortgage Capital, LLC<br><br>Debtor. | Case No. 26-30539<br><br>Chapter 11 |
| In re:<br><br>Pacific Note Fund Management Group LLC<br><br>Debtor. | Case No. 26-30540<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money, Inc.<br><br>Debtor. | Case No. 26-30533<br><br>Chapter 11 |

80675154v1

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

| | |
|---|---|
| In re:<br><br>Pacific Private Money Partners LLC<br><br>Debtor. | Case No. 26-30536<br><br>Chapter 11 |
| In re:<br><br>Arrival Home Loans LLC<br><br>Debtor. | Case No. 26-30543<br><br>Chapter 11 |
| In re:<br><br>Pacific Private Money Fund 1 LLC<br><br>Debtor. | Case No. 26-30534<br><br>Chapter 11 |
| In re:<br><br>Pacific Southwest Note Fund LLC<br><br>Debtor. | Case No. 26-30541<br><br>Chapter 11 |
| In re:<br><br>Pacific Freedom Fund LLC<br><br>Debtor. | Case No. 26-30532<br><br>Chapter 11 |
| In re:<br><br>Pacific Opportunity Fund LLC<br><br>Debtor. | Case No. 26-30537<br><br>Chapter 11 |
| In re:<br><br>Arrival Fund I, LLC<br><br>Debtor. | Case No. 26-30542<br><br>Chapter 11<br><br>**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C. AS SPECIAL COUNSEL TO THE DEBTORS IN POSSESSION**<br><br>No hearing required.<br><br>Judge: Hon. William J. Lafferty |

80675154v1

2

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

Pacific Capital Funding Group, Inc., Pacific Private Money, Inc., Private Money Management Group LLC, Pacific Southwest Note Fund LLC, Pacific Private Money Partners LLC, Pacific Private Money Group LLC, Pacific Private Money Fund LLC, Pacific Opportunity Fund LLC, Pacific Note Fund Management Group LLC, Pacific Freedom Fund LLC, Pacific Mortgage Capital LLC, Arrival Home Loans, LLC, and Arrival Fund I, LLC, the debtors and debtors-in-possession (collectively the "Debtors"), submit their application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors' employment of Stevens Becker P.C. ("**Stevens Becker**"), as special counsel to the Debtors in connection with the pending investigations by the U.S. Securities and Exchange Commission, the U.S. Department of Justice, and the California Department of Financial Protection and Innovation and advise the Debtors with respect to related potential claims and matters, effective June 16, 2026 (the "**Petition Date**"), on the terms and conditions described in this Application.

## APPLICATION

In support of the Application, the Debtors respectfully represent as follows:

## BACKGROUND

The Debtors were engaged in the business of originating and servicing alternative mortgage loans. The Debtors raised capital from private investors and lent those funds to developers and other parties with those loans secured by liens against real estate. Declaration of William R. Brinkman.

The Debtors operated through an "opco/fundco" structure, with Pacific Private Money, Inc. ("**PPMI**") serving as the licensed operating entity that originated and serviced mortgage loans. The Debtors raised capital through a series of open-ended investment funds, with approximately 500 individual investors holding roughly 450 accounts, and total invested capital of approximately $140 million. PPMI originated mortgage loans using capital from the fundcos, private individual "Trustee Investors," and debt facilities.

A significant portion of the fundcos' loan portfolios became non-performing due to defaults by several major borrowers, including approximately $10 million in loans to a borrower who died

Case: 26-30536   Doc# 24   Filed: 06/29/26   Entered: 06/29/26 10:39:32   Page 3 of 9

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

leaving only undeveloped land as collateral, over $20 million in non-performing loans from another borrower, and approximately $10 million from a third borrower. The portfolio of available loans to foreclose on dwindled over time, and a number of remaining loans became unsecured because the underlying property was lost to senior lienholders. Compounding these issues, a sharp rise in market interest rates caused the secondary market for the Debtors' mortgage loans to contract, eliminating a key source of liquidity.

By 2023, redemption requests across the Funds exceeded available cash, and in 2025, the Debtors' cash position became extremely stressed, leading to staff reductions, salary cuts, and elimination of discretionary expenses. In late 2025, the Debtors ceased making distributions and redemptions and engaged Chief Restructuring Officer Bill Brinkman to evaluate strategic alternatives, which ultimately led to Chapter 11.

There are ongoing investigations by the U.S. Securities and Exchange Commission, the U.S. Department of Justice and Federal Bureau of Investigation, the Internal Revenue Service, and the California Department of Financial Protection and Innovation into PPM's practices.

### JURISDICTION AND VENUE

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### SCOPE OF EMPLOYMENT

The Debtors require special counsel to render the following illustrative types of professional services, including, but not limited to:

a. Representing the Debtors in connection with the inquiries and investigations of the U.S. Securities and Exchange Commission, the U.S. Department of Justice, and the California Department of Financial Protection and Innovation;

b. Responding to subpoenas, civil investigative demands, and document and information requests from governmental agencies;

c. Collecting, reviewing, and producing documents responsive to such requests, including by directing the document-review and electronic-discovery services of Dauntless

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

Discovery

d.    Advising the Debtors and the Chief Restructuring Officer regarding legal issues, exposure, and strategy arising from the matters under investigation;

e.    Advising the Debtors with respect to insurance matters arising from or relating to the foregoing; and

f.    Coordinating with the Debtors' bankruptcy counsel on matters where the foregoing intersect these Chapter 11 cases, including governmental claims.

In the course of its representation, Stevens Becker has retained the services of Dauntless Discovery, an electronic discovery and document-review services provider, to assist with the provision of Stevens Becker's legal advice to Debtors, including developing strategy for and executing on collecting, hosting, and attorney review of, documents responsive to subpoenas, civil investigative demands, and other document and information requests from the SEC, DOJ, and DFPI. A copy of the Services Agreement with Dauntless Discovery is attached to the accompanying Declaration of Lily Becker, including the rates of categories of attorneys who assist Stevens Becker. Charges from Dauntless Discovery have been, and will continue to be, paid by Stevens Becker and passed through to the Debtors as a cost of the representation, subject to Court approval as set forth herein.

Dauntless Discovery assists Stevens Becker in the provision of legal services, including through attorney document review services and legal obligations associated with compliance with government subpoenas and other requests.

Through this Application, the Debtors seek Court authority to employ Stevens Becker as the Debtors' special counsel to render the services hereinabove described and such other necessary and appropriate services, as may be required to properly represent the Debtors and the chapter 11 estate of the Debtors, at the expense of the estate, effective as of the commencement of the Debtors' Chapter 11 case.

**QUALIFICATIONS OF STEVENS BECKER AND COMPENSATION PROCEDURE**

Stevens Becker P.C. is a law firm which concentrates in representing companies in internal and government investigations, including relating to corporate misconduct, financial irregularities,

Case: 26-30536  Doc# 24  Filed: 06/29/26  Entered: 06/29/26 10:39:32  Page 5 of 9

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

JMM Jeffer Mangels & Mitchell LLP

Federal and state securities laws. The Debtors seek to employ Stevens Becker as special counsel to advise and represent the Debtors in connection with the pending investigations by the U.S. Securities and Exchange Commission, the U.S. Department of Justice, and the California Department of Financial Protection and Innovation and advise the Debtors with respect to related potential claims and matters. A summary of the experience and qualifications of Steven Becker attorneys who will likely render services to the Debtors during the pendency of the bankruptcy case is attached as Exhibit A to the supporting Declaration of Lily S. Becker ("**Becker Declaration**") appended hereto. More information on Stevens Becker is available at its website, www.stevensbecker.com.

All Stevens Becker attorneys who will render services to the Debtors and the estate are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the UST Guides and shall comply with them. Stevens Becker understands the provisions of 11 U.S.C. §§ 327, 328, 329, 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, which require, among other things, Court approval of employment of professionals, and Court authorization of any fees and costs that Stevens Becker will receive from the Debtors, after notice and hearing, in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

The Debtors will employ Stevens Becker as counsel on an hourly rate basis. Stevens Becker's fees are computed and billed on a time-expended basis in accordance with the hourly rates assigned to each professional or paraprofessional. The hourly rates of the members of Stevens Becker who are expected to render services on behalf of the Debtors during this bankruptcy case are included in paragraph 5 of the Becker Declaration.

On or about September 3, 2025, Stevens Becker was retained by all Debtors. A true and complete copy of the current engagement agreement between the Debtors and Stevens Becker is attached to the Becker Declaration as **Exhibit A**. The engagement agreement is Stevens Becker's standard form engagement agreement. Stevens Becker understands and agrees that: (a) notwithstanding paragraph 5 of the engagement agreement, any lien on the Retainer will only be allowed consistent with applicable bankruptcy law, (b) notwithstanding paragraph 6 of the engagement agreement, interest may not be charged on past due balances inconsistent with applicable bankruptcy law, and (c) notwithstanding paragraph 11 of the engagement agreement,

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

Stevens Becker acknowledges and understands that if any dispute arises between the Debtors and Stevens Becker in the context of Stevens Becker's representation of the Debtors in the bankruptcy case, such dispute(s) shall be heard by and otherwise resolved by the Bankruptcy Court and that the parties may or may not be entitled to a jury trial as determined by applicable law.

Stevens Becker was retained to represent and advise the Debtors in connection with the pending investigations by the U.S. Securities and Exchange Commission, the U.S. Department of Justice, and the California Department of Financial Protection and Innovation and advise the Debtors with respect to related potential claims and matters. Stevens Becker was paid an initial retainer of $20,000, on or about September 3, 2025 (the "**Retainer**"). The Debtors paid additional retainers of $10,000 on March 27, 2026; $80,000 on May 26, 2026; and $7,500 on June 15, 2026. To this date, Stevens Becker has used $89,146.48 from these retainers in the course of its work (which includes $25,183.98 in payments to Dauntless Discovery) regarding the government investigations and in connection with the Chapter 11 filing, and there is $28,353.52 remaining in the retainer. During the period October 8, 2025 to March 20, 2025 the debtors paid $140,462.50 in payments directly to Stevens Becker and $107,642 directly to Dauntless Discovery from the Debtors against pre-petition invoices for services rendered prior to the Petition Date. The source of the Retainer and the prior invoice payments was the Debtors' funds.Stevens Becker requests court approval to draw down the Retainer (and any additional funds paid pursuant to any subsequent Court order) on a monthly basis as they are earned for fees and costs benefiting the estate until the Retainer is exhausted. Not being allowed to draw down the Retainer on a monthly basis will place an undue hardship on Stevens Becker, as it likely will be rendering substantial services and incurring substantial costs without payment of reimbursement thereof. Stevens Becker is a well-known and established law firm in California and has practiced in this Court and in the Northern District of California for many years. Stevens Becker can and will respond to any reassessment of fees and expenses paid from the Retainer. All funds drawn against the Retainer are subject to review and final approval of the Court.

Other than as set forth above, no compensation will be paid by the Debtors to Stevens Becker, except upon application to and approval by the Bankruptcy Court, after notice and a hearing.

Case: 26-30536  Doc# 24  Filed: 06/29/26  Entered: 06/29/26 10:39:32  Page 7 of 9
APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

Not more frequently than every 120 days, Stevens Becker will file a full and complete fee application with the Court, on notice to creditors and interested parties, seeking formal allowance of its fees and costs.

Stevens Becker has agreed to accept compensation from the estate for its services such additional sums as may be allowed by this Court, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors.

Stevens Becker does not hold any pre-petition claims against the Debtors or the estate of the Debtors and, as such, is not a creditor of the Debtors.

## STEVENS BECKER IS DISINTERESTED

Although the disinterestedness standard is not applicable to the retention of Stevens Becker under section, 327(e), to the best of the Debtors' knowledge, and as set forth in the Becker Declaration, the Debtors believe that Stevens Becker is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. Furthermore, as discussed in the Becker Declaration, Stevens Becker does not hold or represent any interest adverse to the Debtors, their creditors or the estate with respect to the matters on which it is to be employed and therefore is eligible to be employed as the Debtors' special counsel pursuant to 11 U.S.C. Section 327(e). Based upon the foregoing, the Debtors believe that the employment of Stevens Becker as their special counsel is in the best interest of the Debtors, their estate, and parties in interest.

## NOTICE

Notice of this Application and the Application have been served on the Office of the United States Trustee. Debtors respectfully submit that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

## NO PRIOR APPLICATION

No previous application for the relief requested herein has been made to this Court or any other court.

**WHEREFORE,** the Debtors respectfully request authorization to employ Stevens Becker as their special counsel pursuant to 11 U.S.C. section 327(e) on the terms and conditions set forth in this Application, with compensation to be at the expense of the estate in such amount as the Court

80675154v1

8

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE EMPLOYMENT OF STEVENS BECKER P.C.

may hereafter allow, effective as of June 26, 2026.

DATED:  June 29, 2026

JEFFER MANGELS & MITCHELL LLP
BENNETT G. YOUNG
CHRISTOPHER K. WHANG
MELODY MOHAMMADI


By:  _____*/s/ Bennett G. Young*_____
BENNETT G. YOUNG
Proposed Attorneys for Debtors and Debtors-in-Possession

JMM | Jeffer Mangels & Mitchell LLP

80675154v1

9

APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING THE
EMPLOYMENT OF STEVENS BECKER P.C.