JEFFER MANGELS & MITCHELL LLP
BENNETT G. YOUNG (Bar No. 106504)
*byoung@jeffer.com*
CHRISTOPHER K. WHANG (Bar No. 316916)
*cwhang@jeffer.com*
MELODY MOHAMMADI (Bar No. 351274)
*mmohammadi@jeffer.com*
333 Bush Street, 11th Floor
San Francisco, California 94104-2872
Telephone: (415) 398-8080
Facsimile: (415) 398-5584
Attorneys for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 26-30538 |
| Pacific Capital Funding Group Inc., | Chapter 11 |
| Debtor. | |
| In re: | Jointly Administered with: |
| Pacific Capital Funding Group Inc. | Case No. 26-30538 (WJL) |
| Pacific Private Money Group LLC | Case No. 26-30535 (WJL) |
| Private Money Management Group LLC | Case No. 26-30544 (WJL) |
| Pacific Mortgage Capital, LLC | Case No. 26-30539 (WJL) |
| Pacific Note Fund Management Group LLC | Case No. 26-30540 (WJL) |
| Pacific Private Money, Inc. | Case No. 26-30533 (WJL) |
| Pacific Private Money Partners LLC | Case No. 26-30536 (WJL) |
| Arrival Home Loans LLC | Case No. 26-30543 (WJL) |
| Pacific Private Money Fund 1 LLC | Case No. 26-30534 (WJL) |
| Pacific Southwest Note Fund LLC | Case No. 26-30541 (WJL) |
| Pacific Freedom Fund LLC | Case No. 26-30532 (WJL) |
| Pacific Opportunity Fund LLC | Case No. 26-30537 (WJL) |
| Arrival Fund I, LLC | Case No. 26-30542 (WJL) |

Affects:

☐ Pacific Capital Funding Group Inc.

☐ Pacific Private Money Group LLC

☐ Private Money Management Group LLC

☐ Pacific Mortgage Capital, LLC

☐ Pacific Note Fund Management Group LLC

1

NOTICE OF HEARING ON MTN OF DEBTORS FOR ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN SR SECURED FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, ET AL.

☐ Pacific Private Money, Inc.

☐ Pacific Private Money Partners LLC

☐ Arrival Home Loans LLC

☐ Pacific Private Money Fund 1 LLC

☐ Pacific Southwest Note Fund LLC

☐ Pacific Freedom Fund LLC

☐ Pacific Opportunity Fund LLC

☐ Arrival Fund I, LLC

☒ All Debtors

**NOTICE OF HEARING ON MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 362, 363, 364, 503 AND 507, AND FED. R. BANKR. P. 2002, 4001, 6003, 6004 AND 9014 FOR ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN SENIOR SECURED, SUPERPRIORITY, POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, (III) MODIFYING AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

Date:      July 17, 2026
Time:      10:00 a.m.
Location:  Courtroom 220
Judge:    Hon. William J. Lafferty

**PLEASE TAKE NOTICE** that a hearing on the Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503 And 507, And Fed. R. Bankr. P. 2002, 4001, 6003, 6004 And 9014 For Order (I) Authorizing The Debtor To Obtain Senior Secured, Superpriority, Postpetition Financing, (II) Granting Liens And Superpriority Claims, (III) Modifying Automatic Stay, And (IV) Granting Related Relief (the "Motion") filed by Pacific Capital Funding Group, Inc., Pacific Private Money, Inc., Private Money Management Group LLC, Pacific Southwest Note Fund LLC, Pacific Private Money Partners LLC, Pacific Private Money Group LLC, Pacific Private Money Fund LLC, Pacific Opportunity Fund LLC, Pacific Note Fund Management Group LLC, Pacific Freedom Fund LLC, Arrival Home Loans, LLC, and Arrival Fund I, LLC, the debtors and debtors-in-possession (collectively the "**Debtors**") in the above-captioned chapter 11 case will be held on July 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable William J. Lafferty, United States Bankruptcy Judge, in his courtroom, located at Courtroom 220, at 1300 Clay Street, Suite 300, Oakland CA 94612.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted via videoconference by Zoom. Counsel, parties, and other interested parties may attend in person in Courtroom 220, by Zoom video, or by Zoom telephone. Additional information is available on Judge Lafferty's Procedures page on the Court's website at https://www.canb.uscourts.gov/judge/lafferty/procedures and information on how to attend the

NOTICE OF HEARING ON MTN OF DEBTORS FOR ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN SR SECURED FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, ET AL.

hearing by Zoom will be included with each calendar posted under the judge's calendar on the Court's website. If you have questions about how to participate in a video or telephonic hearing, you may contact the Court by calling (888) 821-7606.

The Motion is on file with the Bankruptcy Court. A copy of the Motion may be obtained on request to the undersigned counsel to the Debtors.

By the Motion, the Debtors request entry of interim and final orders granting, among other things, the following relief:

### 1. AUTHORIZATION OF DIP LOAN

Authorization for the Debtors to obtain postpetition financing pursuant to a senior secured, superpriority debtor-in-possession new money credit facility in an aggregate principal amount of up to $3,000,000 on the terms and conditions set forth in the Superpriority Senior Secured Debtor-in-Possession Term Loan Facility attached as **<u>Exhibit A</u>** (the "**DIP Agreement**")[1], by and among the Debtors as Borrowers and **Rubicon Mortgage Fund LLC**, a California limited liability company ("**DIP Lender**") and shall include the following features:

a. **Interest Rates:** The DIP Loans shall bear interest at 14% per annum on the outstanding principal balance. All accrued interest shall be due and payable monthly in arrears to the DIP Lender via automated clearing house (**"ACH"**) at the sole direction of the DIP Lender.

b. **Maturity Date:** The DIP Loans shall mature upon the **"Termination Date,"** which shall be the earliest of (a) the date that is twelve (12) months after the Interim DIP Closing Date, (b) forty (40) days after the entry of the Interim Order if the Final Order has not been entered by the Bankruptcy Court prior to the expiration of such period, (c) the substantial consummation of a plan of reorganization or a plan of liquidation for the Borrower that is confirmed pursuant to an order entered by the Bankruptcy Court, which must provide for payment in full of the DIP Facility Amount to the extent not paid previously, and (d) the acceleration of the DIP Loans and the termination of the commitment with respect to the DIP Loans in accordance with the DIP

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meaning given to them in the DIP Credit Agreement.

NOTICE OF HEARING ON MTN OF DEBTORS FOR ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN SR SECURED FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, ET AL.

JMM | Jeffer Mangels & Mitchell LLP

Financing Documents.

Upon the Termination Date, all obligations under the DIP Facility and the DIP Financing Documents, including principal, interest, fees not previously paid, including attorney fees, and expenses (if any) (collectively, the **"DIP Obligations"**) shall be due and payable.

c. **Events of Default:** The events of default (each, an **"Event of Default"**) shall include, but not be limited to, the following: (i) failure to pay principal, interest, or any other amounts due and payable by the Borrower when due, including at the Termination Date, or as set forth in the DIP Financing Documents; (ii) breaches of agreements, representations, warranties and covenants set forth herein and in the DIP Financing Documents; (iii) reversals, stays or unauthorized (by DIP Lender) modifications of the Interim Order or the Final Order, (iv) the entry of an order in the Bankruptcy Case seeking authority to obtain financing under section 364 of the Bankruptcy Code for which Borrower is or may become liable (other than the DIP Facility), unless such financing would repay in full in cash DIP Obligations upon consummation thereof; (v) conversion or dismissal of the Bankruptcy Case, appointment of a trustee, or filing of a plan of reorganization or plan of liquidation that does not repay the DIP Obligations in full and in cash on the effective date of the plan; (vi) the Interim Order shall not have been entered on or before July 31, 2026; (vii) the entry of the Final Order shall not have occurred within forty (40) days after the Interim Order Closing Date; (viii) an "Event of Default" under the Final Order; and (ix) entry of an order of the Bankruptcy Court granting, other than in respect of the DIP Facility and the Carve-Out, any claim entitled to superpriority administrative expense claim status in the Bankruptcy Case pursuant to section 364(c)(1) of the Bankruptcy Code or senior secured status pursuant to section 364(d) of the Bankruptcy Code senior to or pari passu with the claims of the DIP Lender under the DIP Facility.

Upon the occurrence of an Event of Default, (x) (i) the DIP Lender may declare the termination, reduction or restriction of any further commitment to the extent any such commitment remains, (ii) all obligations to be immediately due and payable, without presentment, demand, protest, or other notice of any kind, all of which are expressly waived by the Borrower, and (iii) the termination of the DIP Facility and the DIP Financing Documents as to any future liability or

4

NOTICE OF HEARING ON MTN OF DEBTOR FOR ORDER (I) AUTHORIZING DEBTOR TO OBTAIN SR SECURED FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, ET AL.

JMM Jeffer Mangels & Mitchell LLP

obligation of the DIP Lender, but without affecting any of the liens or the obligations under the DIP Facility and (y) upon the giving of five (5) business days' notice to the Borrower (the **"Remedies Notice Period"**), exercise all other rights and remedies provided for in the DIP Financing Documents and applicable law. During the Remedies Notice Period, DIP Lender shall not be required to make advances under the DIP Facility and any party in interest shall be entitled to seek an emergency hearing with the Bankruptcy Court, for the sole purpose of contesting whether an Event of Default has occurred and/or is continuing.

   d. **Borrowing Limits:** $3,000,000.

   e. **Conditions to Closing:** The obligations of the DIP Lender (i) to make the Interim DIP Loan upon the closing thereof (the date of such closing, the **"Interim DIP Closing Date"**) and (ii) to make the other DIP Loans after entry of the Final Order and the closing thereof (the date of such closing, the **"DIP Closing Date"**) shall be subject to the satisfaction (or waiver) of customary conditions precedent, including:

   (i) With respect to the Interim DIP Closing Date, the Interim Order, in form and substance satisfactory to the DIP Lender, shall have been entered on or before July 31, 2026, shall be in full force and effect and shall not have been vacated, reversed, modified, amended or stayed. With respect to any other DIP Closing Date, the Final Order, in form and substance satisfactory to the DIP Lender, shall have been entered by the Bankruptcy Court within 40 days after the Interim DIP Closing Date, shall be in full force and effect and shall not have been vacated, reversed, modified, amended or stayed.

   (ii) No trustee shall have been appointed with respect to the Bankruptcy Case.

   (iii) Immediately prior to, and after giving effect to, the making of the DIP Loans, there shall exist no default under the DIP Financing Documents.

   (iv) The Termination Date shall not have occurred.

   (v) The representations, warranties and covenants of the Borrower in the DIP Financing Documents and herein shall be true and correct in all material respects (or in the case of representations and warranties with a "materiality" qualifier, true and correct in all material respects) immediately prior to, and after giving effect to, the funding or issuance of the DIP Loans.

5

JMM Jeffer Mangels & Mitchell LLP

(vi) The making of the DIP Loans shall not violate any requirement of law and shall not be enjoined, temporarily, preliminarily or permanently.

(vii) The making of the DIP Loans shall not result in the aggregate outstanding obligations under the DIP Facility exceeding the amount authorized by orders entered by the Bankruptcy Court or the Final Order, as applicable.

(viii) The Borrower shall have paid all fees and expenses payable pursuant to the DIP Financing Documents and incurred as of the Interim DIP Closing Date or the DIP Closing Date, as applicable, including but not limited to all title and escrow fees, insurance review fees, diligence fees set forth in the letter of intent, and the Documentation Fee.

(ix) The Borrower shall have executed and delivered to DIP Lender all assignments of Notes and any other necessary documentation as DIP Lender may reasonably require, together with the original promissory notes, allonges, endorsements and related loan documents, to the extent such original documents exist and are in the possession, custody or control of the Borrower. With respect to any original promissory note not so delivered, Borrower shall provide, prior to funding, a Lost Note Affidavit or other evidence reasonably satisfactory to DIP Lender explaining the unavailability of the original note and Borrower's right to enforce such note.

f.      **Expenses and Indemnification**: The Borrower shall pay or reimburse the DIP Lender for all reasonable and documented out-of-pocket costs and expenses incurred (including reasonable and documented fees and expenses of counsel) in connection with (i) the preparation, negotiation and execution of the DIP Facility, the DIP Financing Documents, the Interim Order and the Final Order, and the hearing with respect thereto; (ii) the initial funding of the DIP Loans; (iii) the creation and perfection of the liens under the DIP Financing Documents (including all search, filing and recording fees); (iv) the on-going administration of the DIP Financing Documents (including the preparation, negotiation and execution of any amendments, consents, waivers, assignments, restatements or supplements thereto) and the monitoring of the Bankruptcy Case; (v) the enforcement of the DIP Financing Documents; (vi) any refinancing or restructuring of the DIP Facility in the nature of a "work-out" or otherwise; and (vii) any legal proceeding relating to or arising out of the DIP Facility or the other transactions contemplated by the DIP

6

Case: 16-30558    Doc# 47    Filed: 07/10/16    Entered: 07/10/16 14:45:09    Page 6 of 8

JMM Jeffer Mangels & Mitchell LLP

Financing Documents, including the Bankruptcy Case. Notwithstanding the foregoing, reimbursable costs and expenses for items (i) through (iii) shall not exceed $50,000 in the aggregate.

The Borrower will indemnify and hold harmless the DIP Lender and its respective affiliates, officers, directors, employees, agents, advisors, attorneys and representatives from and against all losses, liabilities (including coverage of environmental liabilities), claims, damages or other expenses arising out of or relating to the DIP Financing Documents and the Borrower's use of the financing provided thereunder, except in cases of the DIP Lender's fraud, willful misconduct, or gross negligence. The indemnification will survive and continue for the benefit of all such persons or entities.

## 2. ENTRY INTO DIP LOAN DOCUMENTS

Authorization for the Debtors to execute and deliver the DIP Agreement and other documentation, including security agreements, pledge agreements, mortgages, promissory notes, certificates, instruments, commitment letters, and such other documentation which may be necessary or required to implement the DIP Loans and perform thereunder and/or that may be reasonably requested by DIP Lenders.

## 3. LIENS AND SUPERPRIORITY CLAIMS

Granting the DIP Lenders (collectively, the "**DIP Secured Parties**") superpriority administrative claims, pursuant to section 364(c)(1) of the Bankruptcy Code, in respect of all DIP Obligations, and valid, enforceable, non-avoidable and automatically perfected liens on and security interests in all DIP Collateral (as defined and provided in Exhibit C of the DIP Agreement), pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, to secure the DIP Obligations, in each case as subject to the Carve-Out set forth in the Order.

## 4. PAYMENT OF FEES AND EXPENSES

Authorization of the Debtors to pay all fees, costs and expenses due, pursuant to the DIP Agreement and the other DIP Loan Documents.

/ / /

/ / /

7

Case: 26-30588    Doc# 47    Filed: 07/10/26    Entered: 07/10/26 14:45:09    Page 7 of 8

**5. STAY RELIEF**

Vacate or modify the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Order.

**6. WAIVER OF STAY**

Waive any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of the Order and providing for the immediate effectiveness of the Order.

DATED:  July 10, 2026           JEFFER MANGELS & MITCHELL LLP
BENNETT G. YOUNG
CHRISTOPHER K. WHANG
MELODY MOHAMMADI

By: _____*/s/ Bennett G. Young*_____
          BENNETT G. YOUNG
Attorneys for Debtors and Debtors-in-Possession

8

NOTICE OF HEARING ON MTN OF DEBTORS FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN SR SECURED FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS, ET AL.