LEVINSON LAW APC
BENJAMIN R. LEVINSON (Bar No. 116675)
E-Mail: *ben@thelevinsonlawoffice.com*
NATHANIEL J. LEVINSON (Bar No. 367870)
E-Mail: *nate@thelevinsonlawoffice.com*
4100 Moorpark Avenue, Suite 233
San Jose, CA  95117
Telephone: (408) 866-2999
Facsimile:  (408) 866-2992

Attorney for Secured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| In re: | Case No. 26-30538-WJL |
| | Chapter 11 |
| Pacific Capital Funding Group Inc., | |
| Debtor. | |

| | |
|---|---|
| In re: | Jointly Administered with: |
| Pacific Capital Funding Group Inc. | Case No. 26-30538-WJL |
| Pacific Private Money Group LLC | Case No. 26-30535-WJL |
| Private Money Management Group LLC | Case No. 26-30544-WJL |
| Pacific Mortgage Capital, LLC | Case No. 26-30539-WJL |
| Pacific Note Fund Management Group LLC | Case No. 26-30540-WJL |
| Pacific Private Money, Inc. | Case No. 26-30533-WJL |
| Pacific Private Money Partners LLC | Case No. 26-30536-WJL |
| Arrival Home Loans LLC | Case No. 26-30543-WJL |
| Pacific Private Money Fund 1 LLC | Case No. 26-30534-WJL |
| Pacific Southwest Note Fund LLC | Case No. 26-30541-WJL |
| Pacific Freedom Fund LLC | Case No. 26-30532-WJL |
| Pacific Opportunity Fund LLC | Case No. 26-30537-WJL |
| Arrival Fund I, LLC | Case No. 26-30542-WJL |
| | |
| Affects: | RS No. BRL-426 |
| ☐ Pacific Capital Funding Group Inc. | |
| ☐ Pacific Private Money Group LLC | MOTION FOR ORDER TERMINATING |
| ☐ Private Money Management Group LLC | AUTOMATIC STAY OR REQUIRING |
| ☐ Pacific Mortgage Capital, LLC | ADEQUATE PROTECTION |

---

1

MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

☐ Pacific Note Fund Management Group LLC
☐ Pacific Private Money, Inc.
☐ Pacific Private Money Partners LLC
☐ Arrival Home Loans LLC
☒ **Pacific Private Money Fund 1 LLC**
☐ Pacific Southwest Note Fund LLC
☐ Pacific Freedom Fund LLC
☐ Pacific Opportunity Fund LLC
☐ Arrival Fund I, LLC
☐ All Debtors

DATE: August 26, 2026
TIME: 9:30 a.m.
DEPT: 220 or by Zoom Video

_____/

Secured Creditors Russell Boyd Quinnell, through his IRA with Forge Trust Co.; Russell Quinnell, Trustee of the Quinnell Shnipper Trust; Diablo Shores, LLC; Moonstone Associates, LLC; and Michael Khoury, Trustee of the MKhoury Investment Trust (collectively "Movants") move the Court to make an Order terminating the automatic stay for cause under 11 U.S.C. § 362(d)(1) and lack of equity under 11 U.S.C. § 362(d)(2), with respect to the interest of Debtor and the estate's interest in the real property commonly known as 65 Healdsburg Lane, Cotati, California (the "Healdsburg" property) and more particularly described as set forth in the deed of trust attached as Exhibit "B" to the declaration filed herewith.

1. The Court has jurisdiction on this action pursuant to the provisions of Title 28 U.S.C. § 1334 and § 157, and 11 U.S.C. § 362.

2. Movants are the current obligees of a promissory note in the original sum of $1,000,000.00 in which the borrower is Pacific Realty Development I, LLC ("PDRI") and which is secured by a first priority deed of trust on Healdsburg property. The original lender and note holder was Pacific Opportunity Fund LLC ("POF"), and the note was endorsed and the deed of trust was assigned to Movants in October 2024.

3. At the time this bankruptcy was filed, Movants were owed $918,277.60. A proof of

MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

Case: 26-30538   Doc# 89   Filed: 08/06/26   Entered: 08/06/26 10:00:22   Page 2 of 4

claim in that amount was filed on July 14, 2026, in the PPMFI bankruptcy filed as Case No. 26-30534. (Claim # 3).

4. PDRI originally defaulted on the note of Movants by its failure to pay the loan at maturity on October 1, 2025. As a result, Movants started foreclosure through Total Lender Solutions ("TLS") by the recording of a Notice of Default and Election to Sell on January 23, 2026. Thereafter, a Notice of Trustee's Sale was published, posted, recorded, and mailed, according to state law, and a trustee's sale was set for May 27, 2026.

5. On May 20, 2026, PDRI transferred 100 % ownership interest in the Healdsburg property to Pacific Private Money Fund I, LLC ("Debtor") by Grant Deed recorded on May 21, 2026. This transfer was made without the consent of Movants.

6. After postponements of the trustee's sale of the Healdsburg property, Debtor filed this bankruptcy on June 16, 2026. The bankruptcy of Debtor is now being jointly administrated with the bankruptcy of Pacific Capital Funding Group, Inc. Due to the filing of Debtor's bankruptcy, the trustee's sale of the Healdsburg property has been postponed from time to time since that date.

7. Movants allege that the Healdsburg Property is worth less than $1,750,000.00 based on the sale price from 2020, and the recent listing for the Healdsburg property where the Property was not sold. Schedules have not been filed by Debtor and are not due to be filed until August 14, 2026 so Debtor has no evidence of value.

8. The Healdsburg property is an approximate 1.44 acre property being marketed as a future residential development.

9. No payments have been made to Movants since the bankruptcy was filed.

10. Movants are informed and believe that Debtor is presently unable to provide adequate protection to Movants and there is no probability that adequate protection be provided to Movants within a reasonable time.

---

3

MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

11.     The Property is further encumbered by senior delinquent property taxes in excess of $51,000.00 according to website for the Sonoma County Tax Collector as of August 4, 2026.

12.     The transfer of the Healdsburg property on the eve of foreclosure, the tax default and payment defaults, the declining value of the property, and lack of equity are all evidence of "cause" to terminate the automatic stay under 11 U.S.C. § 362(d)(1), and Movants are also entitled to relief from stay because there is little or no equity in the Property nor is the Property necessary for the reorganization of Debtor under 11 U.S.C. § 362(d)(2).

WHEREFORE Movants pray judgment as follows:

1.     For an Order granting relief from the automatic stay or requiring adequate protection;

2.     For an Order that terminates or vacates the automatic stay as to Debtor and the estate for all purposes as it pertains to Movants' interest in the Property, including all steps necessary to start, continue, and complete a non-judicial foreclosure and to obtain possession of the Property under California law after completion of foreclosure;

3.     For an Order waiving the fourteen-day stay period after entry of the Order under Bankruptcy Rule 4001(a)(4) and California Civil Code § 2924g(d) to the extent that it applies;

4.     For attorney's fees and costs of incurred by Movants for filing this Motion be included in the outstanding balance of the note as allowed under non-bankruptcy law;

5.     For such other and further relief as the Court may deem proper.

LEVINSON LAW APC

Dated: August 6, 2026

/S/ BENJAMIN R. LEVINSON
BENJAMIN R. LEVINSON,
Attorney for Movants

4

MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION