MICHAEL A. SWEET (SBN 184345)
msweet@foxrothschild.com
JACK PRAETZELLIS (SBN 267765)
jpraetzellis@foxrothschild.com
NOAH THOMAS (SBN 358134)
nthomas@foxrothschild.com
**FOX ROTHSCHILD LLP**
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

*Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Pacific Capital Funding Group Inc.,<br><br>Debtor<br><br>In re:<br><br>Pacific Capital Funding Group Inc.<br>Pacific Private Money Group LLC<br>Private Money Management Group LLC<br>Pacific Mortgage Capital, LLC<br>Pacific Note Fund Management Group LLC<br>Pacific Private Money, Inc.<br>Pacific Private Money Partners LLC<br>Arrival Home Loans LLC<br>Pacific Private Money Fund 1 LLC<br>Pacific Southwest Note Fund LLC<br>Pacific Freedom Fund LLC<br>Pacific Opportunity Fund LLC<br>Arrival Fund I, LLC<br><br>Affects:<br><br>☐ Pacific Capital Funding Group Inc.<br><br>☐ Pacific Private Money Group LLC<br><br>☐ Private Money Management Group LLC<br><br>☐ Pacific Mortgage Capital, LLC<br><br>☐ Pacific Note Fund Management Group LLC | Case No. 26-30538<br><br>Chapter 11<br><br>Jointly Administered with:<br><br>Case No. 26-30538 (WJL)<br>Case No. 26-30535 (WJL)<br>Case No. 26-30544 (WJL)<br>Case No. 26-30539 (WJL)<br>Case No. 26-30540 (WJL)<br>Case No. 26-30533 (WJL)<br>Case No. 26-30536 (WJL)<br>Case No. 26-30543 (WJL)<br>Case No. 26-30534 (WJL)<br>Case No. 26-30541 (WJL)<br>Case No. 26-30532 (WJL)<br>Case No. 26-30537 (WJL)<br>Case No. 26-30542 (WJL)<br><br>**COMMITTEE'S STATUS CONFERENCE STATEMENT**<br><br>Date: October 14, 2026<br>Time: 9:30 am. |

☐ Pacific Private Money, Inc.
☐ Pacific Private Money Partners LLC
☐ Arrival Home Loans LLC
☐ Pacific Private Money Fund 1 LLC
☐ Pacific Southwest Note Fund LLC
☐ Pacific Freedom Fund LLC
☐ Pacific Opportunity Fund LLC
☐ Arrival Fund I, LLC
☒ All Debtors

The Committee would like to use the status conference to discuss how these cases move forward. The United States Department of Justice charged the Debtors' former principal, Mark Hanf, with Conspiracy to Commit Wire Fraud and Money Laundering. The Securities and Exchange Commission also brought a civil action against him asserting claims for offering fraud. In the criminal complaint, the Government alleged that Mr. Hanf "use[d] new investor funds to pay for interest and distributions owed to prior investors, in the manner of a Ponzi scheme." Similarly, the SEC alleged that Mr. Hanf "used new investor money to make Ponzi-like payments to existing investors to give the false impression that Defendants were successfully generating returns for Pacific Fund and Freedom Fund investors, and that those funds were legitimate and profitable." Mr. Hanf pleaded guilty on September 30, 2026 to both charges. His co-conspirator, Nam Phan, pleaded guilty to Conspiracy to Commit Wire Fraud on September 23, 2026.

The Committee retained PricewaterhouseCoopers ("PwC") as its financial advisor. PwC has been investigating the Debtors and their operations in cooperation with the Debtors' professionals. PwC's work to date has identified evidence that the Debtors have a close interrelationship for purposes of substantive consolidation. *See In re Bonham*, 229 F.3d 750, 767 (9th Cir.2000). That evidence includes common ownership and control, shared finances, intercompany transfers of assets and property, and overlapping investors. Separately from the criminal charges and the guilty pleas, PwC has found evidence consistent with a Ponzi scheme: new investor money came into funds whose cash

balances were too low to make a distribution, and that money was then promptly transferred out to an earlier investor.

The concern for all interested parties in this case is cost. If Estate professionals must leave no stone unturned to prove a request for substantive consolidation, that effort could consume a significant portion of the money available to victims. The Committee, therefore, proposes an iterative process.

The Committee would file its motion for substantive consolidation based on the evidence PwC has developed to date, with appropriate notice to all parties in interest. The Court would decide whether that evidence is sufficient as it stands to establish either prong of the Ninth Circuit test required by *In re Bonham*, 229 F.3d 750 (9th Cir. 2000). If any party in interest identifies a specific basis for objection or if the Court identifies particular evidentiary gaps, further briefing and evidence would be limited to those issues and those entities. This approach would let the Estates expend resources in only the areas meriting them.

The Committee requests that the Court, and parties in interest, discuss this process (or any alternative process that can be employed to keep costs down) at the status conference.

Date: October 13, 2026

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Jack Praetzellis*
Michael A. Sweet
Jack Praetzellis
Noah Thomas
*Counsel to the Official Committee of Unsecured Creditors*